PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN JONES, | ) | |
| | ) | CASE NO. 4:15CV01559 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JOHN DUNLOP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF Nos. 1 and 3] |

*Pro se* Plaintiff Stephen Jones filed this action under 42 U.S.C. § 1983 against Elkton Correctional Institution ("FCI-Elkton") Medical Director John Dunlop, Nurse J. Folkwein, Physicians Assistant Garry Bullock, Nurse Shelley Kennedy, Nurse Practitioner Lori Hunter, Physician Richard LePaine, Nurse Debra Giannone, and "MLP" Wayne Flatt. In the Complaint, Plaintiff alleges he was not provided treatment for Hepatitis C when he was incarcerated in FCI-Elkton. ECF No. 1 at PageID #: 5. He claims Defendants were deliberately indifferent to his serious medical needs, and denied him due process and equal protection. ECF No. 1 at PageID #: 5-6. He seeks monetary relief. *See* ECF No. 1 at PageID #: 7-8.

Plaintiff filed a Motion for Leave to File an Amended Complaint (ECF No. 3) to add a Defendant, LPN D. Hayter, to the action. Although he labels the document as an amended complaint, it is clear Plaintiff intended to supplement rather than replace his original pleading. The motion for leave to amend (ECF No. 3) is granted, and the Court will allow him to supplement his pleading. For the reasons set forth below, this action, as amended, is dismissed.

(4:15CV01559)

## I. Background

Plaintiff contends he was incarcerated at FCI-Elkton from June 19, 2012 until 2014 when he was transferred to FCI-Big Spring in Texas. ECF No. 1 at PageID #: 4-5. He alleges he was diagnosed with Hepatitis C in 2010, prior to his incarceration. His private physician advised him to begin treatment. ECF No. 1 at PageID #: 5. Plaintiff does not indicate whether he began treatment at that time. He claims that when he entered prison two years later in 2012, Defendants denied him the recommended treatment. ECF No. 1 at PageID #: 5.

In addition, Plaintiff alleges in his Amended Complaint that Nurse D. Hayter forged Plaintiff's name on a document denying blood screening for Hepatitis C treatment. ECF No. 3. He attaches a copy of the document. ECF No. 3-1. It is not a waiver of blood testing as Plaintiff contends, but rather is a waiver of a fecal occult screening to test his feces for traces of blood which can be a symptom of gastrointestinal bleeding. *See* ECF No. 3-1.

Plaintiff asserts three claims in his pleading. First, he claims Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Second, he claims he was denied due process. Finally, he claims he was denied equal protection. ECF No. 1 at PageID #: 4.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v.*

2

(4:15CV01559)

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough fact to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do . . . ." *Id*. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted

3

(4:15CV01559)

unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### III. Law and Analysis

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court, in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id*. at 9. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. at 8. Deliberate indifference is characterized by "obduracy or wantonness, not inadvertence or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment

4

(4:15CV01559)

only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. *Id.* It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585 at *1 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). The Court must first determine whether the plaintiff's medical condition is sufficiently serious to invoke Eighth Amendment protection. If the condition is sufficiently serious, then the inquiry proceeds to whether each of the defendants exhibited deliberate indifference to the plaintiff's medical condition.

In this case, Plaintiff's medical condition is arguably serious; however, he does not allege facts to suggest that any of the Defendants was deliberately indifferent to his medical condidtion. An official acts with deliberate indifference when he acts with criminal recklessness, a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer*, 511 U.S. at 836-37. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

(4:15CV01559)

the inference." *Id.* Plaintiff only alleges in general that he was denied medical care. That is a legal conclusion. He does not allege facts suggesting what actions each Defendant took that denied him medical care. For these reasons, he has not stated a claim under the Eighth Amendment.

Plaintiff's due process and equal protection claims are also stated solely as legal conclusions. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint simply contains no facts which reasonably indicate what actions each Defendant took that denied Plaintiff due process or equal protection.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 January 29, 2016  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
  United States District Judge